**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| REMEDIOS NARIO SOTO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 1:97CR291-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Movant Remedios Nario Soto, a federal prisoner, has brought what appears to be a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 354.) Section 3582(c)(2) allows the Court to reduce the term of imprisonment of a defendant who was sentenced at an offense level that has subsequently been lowered by the United States Sentencing Commission. The United States Sentencing Guidelines (USSG) state that a reduction in sentence due to a subsequent lowering of the Guidelines range is not authorized unless the amendment is listed in USSG § 1B1.10(c). USSG § 1B1.10(a). If a reduction is authorized, it is then within the discretion of the Court as to whether or not, considering the factors set out in 18 U.S.C. § 3553(a), the sentence should actually be reduced.

Movant does not name the amendment upon which he is relying, but instead refers to the set of amendments that went into effect as of November 1, 2010. This would be Amendments 739 through 747. Movant also specifically mentions an amendment to USSG § 2L1.2. That Guidelines section was amended via Amendment 740. Unfortunately for Movant, none of the amendments that became effective on November 1, 2010 are listed for retroactive application in USSG § 1B1.10(c). For this reason, the court cannot adjust his sentence based on the requested amendments. *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004). His motion will be denied.

**IT IS THEREFORE ORDERED** that Movant's Motion for Reduction of Sentence in Light of the November 1st 2010 Amendments to the U.S.S.G. (Docket No. 354) is **DENIED**.

This the 7th day of March, 2012

　　　　　　　　　　　　　　　　　　　/s/   N. Carlton Tilley, Jr.
　　　　　　　　　　　　　　　　　　Senior United States District Judge